BEFORE THE FIRST DIVISION, AUGUST 15, 1938

**No. 39215.**—Protests 941523–G, etc., of F. W. Woolworth Co. (San Francisco).

Opinion by SULLIVAN, J. It was stipulated that the merchandise is footballs similar to those the subject of Abstract 27179. The claim at 30 percent under paragraph 1502 was therefore sustained.

**No. 39216.**—Protest 946753–G of Henle Wax Paper Mfg. Co. (New York).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of sheets of material composed of compounds of cellulose the same as that the subject of *Birn* v. *Dupont* (17 C. C. P. A. 122, T. D. 43454). The claim at 40 cents per pound under paragraph 31 was therefore sustained.

**No. 39217.**—Protest 941339–G of T. E. Woodhull (San Francisco).

Opinion by SULLIVAN, J. It was stipulated that the chicken rings in question are the same as those passed upon in *United States* v. *Perry* (25 C. C. P. A. 282, T. D. 49395). The claim for free entry under paragraph 1604 was therefore sustained.

**No. 39218.**—Protest 886351–G of Louis Wolf & Co., Inc. (Seattle).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of Abstract 37636 the wooden cabinets in question were held dutiable at 33⅓ percent under paragraph 412 as claimed.

**No. 39219.**—Protest 876854–G of S. Lisk & Bro. (New York).

Opinion by SULLIVAN, J. The official sample consists of a colored cardboard box with a picture of a boy and girl using these sets. The box encloses 28 small blocks of wood with letters pasted thereon, also a small metal box containing an ink pad. It was found that the picture and general get-up of the article indicates it is designed to be used by children. The court said that even if plaintiffs had established by competent proof it is not a toy there is nothing in the record to bring it within any of the claims made. The protest was therefore overruled.